IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTINA BOX, )<br>)<br>    Plaintiff, )<br>vs. )<br>)<br>BRIDGEWOOD-RCM PROPERTY )<br>MANAGEMENT, L.L.C., a foreign )<br>limited liability company d/b/a Village )<br>On The Park-Oklahoma City, and )<br>RAINTREE HOLDINGS, L.L.C., a )<br>foreign limited liability company, d/b/a )<br>Village On The Park-Oklahoma City )<br>)<br>    Defendants. )<br>) | CASE NO. CIV-14-1432-D<br><br>(Formerly Oklahoma County, Oklahoma, Case No. CJ-2014-6469) |

## NOTICE OF REMOVAL

Defendants, Bridgewood-RCM Property Management, L.L.C. d/b/a Village On The Park-Oklahoma City,[1] and Raintree Holdings, L.L.C. d/b/a Village On The Park-Oklahoma City ("Defendants"),[2] pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby remove this cause from the District Court of Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma on the grounds that this Court has jurisdiction over this matter because of diversity of citizenship based on the following:

1. On November 26, 2014, Christina Box ("Plaintiff") filed this suit in the

---

[1] Bridgewood-RCM Property Management, LLC, d/b/a Village on the Park-Oklahoma City is improperly named as a defendant in this litigation as it was not the plaintiff's employer.

[2] The plaintiff has incorrectly named the Defendants. Neither entity is doing business as Village on the Park-Oklahoma City.

District Court of Oklahoma County, Oklahoma bearing Case Number CJ-2014-6469, and styled *Christina Box v. Bridgewood-RCM Property Management, L.L.C. d/b/a Village On The Park-Oklahoma City and Raintree Holdings, L.L.C. d/b/a Village On The Park-Oklahoma* (the "State Court Case"). Defendants received notice of the lawsuit on December 10, 2014. Defendants are the only defendants named in that suit.

## DIVERSITY OF CITIZENSHIP

1. The district courts of the United States have original jurisdiction over this action based on diversity of citizenship between the parties, in that every properly joined defendant is now, and was at the time the action was commenced, diverse in citizenship from every plaintiff.

2. Plaintiff is presently domiciled in Oklahoma County, Oklahoma, and was domiciled there at the time this action was commenced. Plaintiff was at the time, and is now, a citizen of the State of Oklahoma. (*See* Ex. 1, Petition, at ¶ 1).

3. Defendants are Texas limited liability companies. At the time of the filing of this action, and at the present time, Defendants' principal place of business was and is in Houston, Texas. *See* 28 U.S.C. § 1332(c). Defendants' headquarters in Houston, Texas are the actual center of overall direction, control and coordination for the companies. Defendants' managers direct, control and coordinate each company's respective activities from their headquarters in Houston. *Id.* Thus, there is diversity of citizenship between Plaintiff and Defendants. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193-95 (2010).

4. Plaintiff has brought claims against Defendants for wrongful termination. Plaintiff claims she is entitled to recover "lost earnings, past and future, and other compensatory damages." (*See* Ex. 1, Petition, at ¶21). Plaintiff also seeks attorney's fees. In addition, Plaintiff states, "Plaintiff, Christina Box, prays for judgment against Defendant[s] in a sum in excess of the amount required for diversity jurisdiction under 28 U.S.C. § 1332." (*See* Ex. 1, Petition, at WHEREFORE paragraph). Therefore, Plaintiff's Petition establishes that the total amount in controversy exceeds the minimum jurisdictional limits of this Court.

5. Because this action is wholly between citizens of different states, and because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this cause pursuant to 28 U.S.C. § 1332(a)(1).

6. Defendants are the only Defendants in this action. Defendants are represented by the undersigned counsel.

7. The aforementioned action was commenced by service of summons and Petition upon Capitol Document Services, Inc., as service agent for Defendants, on or about December 10, 2014, and this Notice of Removal is, therefore, timely filed under 28 U.S.C. § 1446(b).

8. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the action is pending.

9. A copy of all process, pleadings and other documents filed in the State Court Case and service documents are attached hereto as Exhibits 1 – 4. A copy of the docket sheet for the State Court Case [3] is attached as Exhibit 5.

10. Defendants will promptly give Plaintiff written notice of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d). Defendants will also file a copy of the Notice of Removal with the District Clerk of Oklahoma County, State of Oklahoma.

DATED this 30th day of December, 2014.

Respectfully submitted,

s/ Gary A. Bryant
_____
Gary A. Bryant OBA #1263
Allen L. Hutson, OBA #30118
CROWE & DUNLEVY
Braniff Building
324 N. Robinson, Suite 100
Oklahoma City, OK 73102
(405) 235-7700 (Telephone)
(405) 239-6651 (Telecopier)
gary.bryant@crowedunlevy.com
allen.hutson@crowedunlevy.com

ATTORNEYS FOR DEFENDANTS

---

[3] No orders have been signed by the state court Judge.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of December, 2014, I electronically transmitted the foregoing document to the Court Clerk using the ECF System for filing. The Court Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

Chris Hammons
Laird Hammons Laird, PLLC
1230 S.W. 89th Street, Ste. A
Oklahoma City, OK  73139
Telephone: 405.703.4567
Facsimile: 405.703-4061
chris@lhllaw.com

                                              s/ Gary A. Bryant
                                              GARY A. BRYANT