

*1027687902*

*CJ14-6469*
*Stuart*

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

CHRISTINA BOX,

        Plaintiff;

vs.

BRIDGEWOOD–RCM PROPERTY
MANAGEMENT, L.L.C., a foreign
limited liability company d/b/a Village
on the Park-Oklahoma City, and
RAINTREE HOLDINGS, L.L.C., a
foreign limited liability company, d/b/a
Village on the Park-Oklahoma City,

        Defendants.

Case No.

CJ - 2014 - 6469

## PETITION

    COMES NOW Plaintiff, Christina Box, for her cause of action against Defendants, Bridgewood–RCM Property Management, L.L.C. ("RCM") and Raintree Holdings, L.L.C., ("Raintree"), states as follows:

### THE PARTIES

1.  Plaintiff, Christina Box, is a citizen and resident of Oklahoma County, Oklahoma.

2.  Defendant, RCM, is a foreign limited liability company conducting business in Oklahoma County, Oklahoma under the name of Village on the Park in Oklahoma City.

3.  Defendant, Raintree, is a foreign limited liability company conducting business in Oklahoma County, Oklahoma under the name of Village on the Park in Oklahoma City.

1

Exhibit #

1

## JURISDICTION AND VENUE

4. This is an action arising from the Defendants' termination of the Plaintiff's employment for refusing to violate an established and well-defined Oklahoma public policy and for performing act(s) consistent with clear and compelling policies of the State of Oklahoma.

5. All of the claims at issue herein arose in Oklahoma County, Oklahoma.

6. Defendants conduct business in Oklahoma County and may be served in Oklahoma County.

## THE CAUSE OF ACTION

7. The Plaintiff has been a Licensed Practical Nurse (LPN) since 2006.

8. The Defendants own and operate an assisted living center in Oklahoma City under the name of Village on the Park.

9. The Defendants hired the Plaintiff at Village on the Park on May 19, 2014, as a Wellness Nurse.

10. The Defendants' job description for the Plaintiff as a Wellness Nurse states that an essential function for a Wellness Nurse is to ensure State regulatory guidelines are satisfied.

11. The Plaintiff reported directly to the Director of Resident Care, Cassi Janis.

12. During the Plaintiff's employment with the Defendants, the Plaintiff reported numerous ongoing violations of the Oklahoma Public Health Code and Oklahoma State Regulations by the Defendants to her immediate supervisor and other appropriate individuals within the company.

13. The Defendants terminated the Plaintiff's employment on August 19, 2014.

14. A significant or motivating factor in the termination of the Plaintiff's employment was an intention to retaliate against the Plaintiff due to her internal reports of violations.

15. This activity resulted in an intentional or tortious interference with Plaintiff's employment and caused the Plaintiff severe emotional distress.

2

## DUTIES OWED BY RCM

16. An employer may not terminate an employee for refusing to violate an established and well-defined Oklahoma public policy.

17. An employer may not terminate an employee for performing acts consistent with clear and compelling policies of the State of Oklahoma.

## DUTIES VIOLATED BY RCM

18. The Defendants violated the duty to not terminate the Plaintiff's employment for refusing to violate an established and well-defined Oklahoma public policy, which caused the Plaintiff to incur significant damages.

19. The Defendants violated the duty to not terminate the Plaintiff's employment for performing acts consistent with clear and compelling policies of the State of Oklahoma, which caused the Plaintiff to incur significant damages.

## CAUSATION OF PLAINTIFF'S DAMAGES

20. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered damages described hereafter.

## DAMAGES SUSTAINED BY PLAINTIFF

21. Plaintiff has suffered lost earnings, past and future, and other compensatory damages.

22. The Defendants' actions were willful, wanton, or, at the least, in reckless disregard of Plaintiff's rights; therefore, Plaintiff is entitled to punitive damages.

## DEMAND FOR JURY TRIAL

23. The Plaintiff demands a jury trial for all issues of fact presented by this action.

## RESERVATION OF ADDITIONAL CLAIMS

24. The Plaintiff reserves the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action.

3

WHEREFORE, Plaintiff, Christina Box, prays for judgment against the Defendant, in a sum excess of the amount required for diversity jurisdiction under 28 U.S.C. § 1332 (currently $75,000.00) plus interest, costs, attorney's fees, punitive damages, and all such other and further relief as to which Plaintiff may be entitled.

Respectfully submitted,

Chris Hammons, OBA #20233
LAIRD HAMMONS LAIRD, PLLC
1230 S.W. 89th St., Suite A
Oklahoma City, OK 73139
Telephone:    405.703.4567
Facsimile:    405.703.4061
E-mail: Chris@lhllaw.com
ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**